IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

FILED

OCT 09 2018

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| CORLISS SMITH and LARRY SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>TARGET CORPORATION and JOHN DOES 1-10,<br><br>Defendants. | No. CV-18-57-BU-SEH<br><br>**ORDER** |

On September 4, 2018, Defendant Target Corporation filed a Notice of Removal in accordance with 28 U.S.C. § 1446.[1]

The removal statute is strictly construed against removal jurisdiction.[2] The "strong presumption" against removal jurisdiction requires the defendant to carry the burden of showing removal is proper.[3] Federal jurisdiction must be rejected if

---

[1] Doc. 1.

[2] Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

[3] Gaus, 980 F.2d at 566.

there is any doubt as to the right of removal in the first instance.[4]

Defendant's Notice of Removal asserts federal jurisdiction under 28 U.S.C. §§1332(a) and 1441(a). 28 U.S.C. §1332(a) states:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . .

Defendant Target Corporation properly stated both its place of incorporation and its principal place of business establishing diversity of citizenship. 28 U.S.C. § 1332. However, Defendant failed to properly establish the amount in controversy necessary for federal jurisdiction.

If a complaint fails to allege the amount in controversy, a notice of removal simply stating "the amount in controversy exceeds $75,000" is insufficient to establish the required amount in controversy.[5] The Defendant must state the underlying facts supporting the assertion that the amount in controversy exceeds $75,000.[6] Defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000.[7]

---

[4] Gaus, 980 F.2d at 566.

[5] Gaus, 980 F.2d at 566.

[6] Gaus, 980 F.2d at 566.

[7] Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997).

Here, Defendant offered no facts to support the Court's jurisdiction. Instead, Defendant states, in conclusory fashion, that "[t]he plaintiffs have indicated . . . and Target believes that the amount in controversy will exceed the jurisdictional dollar amount of $75,000 required by 28 U.S.C. § 1332(a)."[8]

Fed. R. Civ. P. 12(h)(3) contemplates that lack of jurisdiction can be raised at any time. Moreover, the Court has the duty to raise jurisdictional issues even if the parties do not.[9]

ORDERED:

This case will be remanded to state court on October 29, 2018, unless Defendant files an amended notice of removal properly alleging jurisdiction on or before that date.

DATED this 9th day of October, 2018.

SAM E. HADDON
United States District Court

---

[8] Doc. 1 at 2.

[9] Sessions v. Chrysler Corp., 517 F.2d 759 (9th Cir. 1975).